**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

TYSON PADILLA, and
RODNEY RAMIREZ, on behalf of themselves and those similarly situated,

    Plaintiffs,

v.

HIGH PLAINS STEEL SERVICES, LLC,

    Defendant.

---

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

---

Plaintiffs Tyson Padilla and Rodney Ramirez, on behalf of themselves, a class, and a collective of similarly situated individuals, by and through their attorneys, HKM Employment Attorneys, LLP, bring this Collective and Class Action Complaint and Jury Demand ("Complaint") against High Plains Steel Services, LLC, and, in support thereof, allege as follows:

**PRELIMINARY STATEMENT**

1.    This is a class and collective action lawsuit brought by Plaintiffs on behalf of a class of similarly situated individuals who were employed by Defendant to recover damages, injunctive and declaratory relief, costs, attorneys fees, and other appropriate relief resulting from the Company's failure to pay overtime wages, in violation of Colorado law and the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). Defendant systemically failed and, upon information and belief, continues to fail to appropriately track its employees' time and pay its employees for all time worked and failing to provide the 10-minute breaks required by Colorado

1

law.

2. Plaintiffs therefore bring this action on behalf of similarly situated current and former employees of Defendant, pursuant to 29 U.S.C. § 216 and Colorado law for: (1) regular wages from Defendant for work performed for which they received no wages; (2) overtime wages for work performed for which they did not receive overtime pay; (3) liquidated damages for Defendant's willful FLSA violations; (4) statutory penalties as applicable under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* for Defendant's willful failure to provide payment of all current and former employees' unpaid wages within 14 days of service of this Complaint; (5) costs; and (6) attorneys' fees.

## PARTIES

3. Plaintiffs hereby incorporate all the paragraphs of this Complaint as though set forth fully and separately herein.

4. Plaintiff Tyson Padilla is Defendant's former employee. Mr. Padilla is, and at all times relevant to this Complaint was, a resident of Colorado. Mr. Padilla has signed a written consent to be a named Plaintiff in a Fair Labor Standards Act collective action. *See* Mr. Padilla's Consent to be Party Plaintiff, **Exhibit A**.

5. Plaintiff Rodney Ramirez is also Defendant's former employee. Mr. Ramirez is, and at all times relevant to this Complaint was, a resident of Colorado. Mr. Ramirez has signed a written consent to be a named Plaintiff in a Fair Labor Standards Act collective action. *See* Mr. Ramirez's Consent to be a Party Plaintiff, **Exhibit B**.

6. At all times relevant to this Complaint, Defendant High Plains Steel Services, LLC was a Colorado corporation with a principal office street address at 2055 Howard Smith Avenue

2

East, Windsor, CO 80550.

7. At all times relevant to this Complaint, Defendant has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

8. At all times relevant to this Complaint, Defendant has been an "employer" of Plaintiffs in a covered industry as defined by the Colorado Minimum Wage Order and the Colorado Minimum Wage Act.

9. At all times relevant to this Complaint, Defendant has further been an "employer" pursuant to the Colorado Wage Act, C.R.S. § 8-4-101(6).

## JURISDICTION AND VENUE

10. Plaintiffs incorporate by reference the above paragraphs as though set forth separately and fully herein.

11. Plaintiffs' claims, both individually and on behalf of Class Members, are brought pursuant to the FLSA, which authorizes lawsuits by private parties to recover damages for violations of its wage and hour provisions, and the Court therefore has original jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## FACTUAL ALLEGATIONS

14. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

3

15. Defendant owns and operates a steel fabrication and erection plant in Colorado. Upon information and belief, Defendant has employed more than one hundred hourly, non-exempt employees in Colorado over the course of the past three years.

16. Under Colorado law, Defendant is required to track the number of hours its employees work; regularly pay its hourly employees for their time worked; and keep accurate records thereof. *See* Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* ("Wage Act"); Colorado Minimum Wage Order No. 35, 7 CCR 1103-1:3, 12 ("CMWO"); *see also* the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.* ("CMWA"). If an employer fails to do so, an employee is entitled to bring a private cause of action to recover for the time worked without compensation.

17. Mr. Padilla worked for Defendant from approximately May 28, 2023, through June 29, 2023. His official title was Supervisor Superintendent, but he had the responsibilities of a Welder. At no time was Mr. Padilla responsible for supervising any of Defendant's employees or enforcing its illegal payment practices described herein. While employed by Defendant, Mr. Padilla worked in Defendant's plant in Windsor, Colorado.

18. During Mr. Padilla's employment with Defendant, Mr. Padilla was paid $42.00 hourly.

19. During Mr. Padilla's employment with Defendant, Mr. Padilla frequently worked over 40 hours per workweek, entitling him to overtime compensation.

20. Mr. Ramirez worked for Defendant between approximately June 20, 2023, through July 3, 2023. Though Mr. Ramirez's official job title was Foreman, he had the responsibilities of a Welder. At no time was Mr. Ramirez responsible for supervising any of Defendant's employees or enforcing its illegal payment practices described herein. While employed by Defendant, Mr.

Ramirez worked at Defendant's plant in Windsor, Colorado.

21. During Mr. Ramirez's employment with Defendant, Mr. Ramirez was paid $38.50 hourly.

22. During Mr. Ramirez's employment with Defendant, Mr. Ramirez frequently worked over 40 hours per workweek, entitling him to overtime compensation.

23. The overwhelming majority of the time, Plaintiffs and other similarly situated employees did not receive 30-minute meal breaks, working straight through very physically demanding shifts. They would instead continue performing work tasks throughout their shifts, trying to grab food as they could while they were working.

24. The Colorado Overtime and Minimum Pay Standards Order ("COMPS Order") states: "Every employer shall authorize and permit a compensated 10-minute rest period for each 4 hours of work, or major fractions thereof, for all employees…" 7 Colo. Code Regs. § 1103-1:5.2 (2023).

25. "When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended 10 minutes without compensation. Because a rest period requires 10 minutes of pay without work being performed, work during a rest period is additional work for which additional pay is not provided. Therefore a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes or wages at the employee's agreed-upon or legally required (whichever is higher) rate of pay." *Id.* at 5.2.4.

26. During the overwhelming majority of the time working for Defendant, Plaintiffs did not receive any 10-minute rest breaks. The Company expected Plaintiffs to continue working without breaks, despite the laborious nature of steel work.

27. As a result of not being provided the 10-minute breaks, Plaintiffs and those similarly situated were not paid for 10 minutes of time they should have been paid for during each of the 4 hours they worked without a break.

28. Upon information and belief, Defendant also failed to properly calculate and compensate Plaintiffs for hours worked in excess of 40 hours each week. Plaintiffs and those similarly situated did not have control over when they clocked in and out, because a supervisor would do this on their behalf. Defendant provided no transparency as to how Plaintiff's working hours were being tracked.

29. Defendant often demanded Plaintiffs come into work 30-45 minutes before their scheduled start time to do compensable work, including, without limitation, filling out daily paperwork related to assigned tasks and goals, getting tools ready to perform work, safety meetings, walk-throughs of the job site, and cleaning or unloading tools from trucks. Defendant would not clock Plaintiffs in during this time, but Defendant threatened to terminate employees if they failed to come in early.

30. Plaintiffs would also regularly work past their scheduled shift time and had no insight into whether they had been clocked out by Defendant while they were still working.

31. Upon information and belief, Defendant regularly shorted Plaintiffs' working hours for which Plaintiffs should have been paid regular and overtime wages.

32. For example, during the pay period from June 26 to July 2, 2023, Mr. Padilla was only compensated for 30.72 hours of work. However, upon information and belief, Mr. Padilla worked at least 50 hours that week. He was entitled to an additional 9.28 hours at his regular $42.00 hourly rate, and was further entitled to at least 10 hours paid at a rate of time and one-half his

regular rate of pay. At Mr. Padilla's regular rate of $42.00 hourly, Mr. Padilla would be entitled, at a minimum, to an additional $389.76 in regular pay and $630 in overtime pay (calculated at $63.00 overtime rate multiplied by 10 hours), for a total of $1,019.76. *See* Paystub Screenshot for June 26 to July 2, 2023, **Exhibit C**.

33. Mr. Padilla complained to Defendant about the discrepancy in the hours he was working and what he was being paid. Defendant denied shorting Mr. Padilla's pay, claiming it could not see additional hours he should have been paid for in its system.

34. Mr. Ramirez also experienced pay short of the hours he had worked. For example, Mr. Ramirez was asked to pick up a Saturday shift and expected to get paid overtime. This entire extra shift was not reflected on Mr. Ramirez's paycheck, which showed he had worked fewer than 40 hours.

35. Mr. Ramirez also complained to Defendant about his incorrect hours and the lack of overtime pay. Defendant responded by telling Mr. Ramirez he would "see it on his check," but Mr. Ramirez's check never reflected accurate hours of the extra shift he had worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

37. Pursuant to 29 U.S.C. § 207, Plaintiffs bring this FLSA collective action on behalf of themselves and all other similarly situated, non-exempt hourly employees (hereinafter, "Hourly Employees") pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of the FLSA.

38. Pending any modifications necessitated by discovery, Plaintiffs bring this action under the FLSA on behalf of the following preliminarily defined collective class of similarly situated employees:

> *All hourly, non-exempt employees who worked for Defendant in the State of Colorado any time within three years of the filing of their written consent through final disposition of this case (the "Collective Action Period"), who were eligible for but did not receive overtime compensation (the "Collective Action Class").*

39. Plaintiffs are members of the Collective Action Class because they each worked for Defendant as non-exempt, hourly employees who were subject to Defendant's practice of not paying overtime for all hours worked in excess of forty (40) hours per workweek during the Collective Action Period.

40. At all relevant times, Plaintiffs and all current and former Hourly Employees are and have been similarly situated and have been subjected to Defendant's common policies that deprived the Collective Action Class of payment for all overtime worked. Plaintiff and all putative members of the Collective Action Class were therefore together the victims of a single decision, policy, or plan with respect to Defendant's policies of failing to provide rest breaks and failing to properly compensate Hourly Employees for all overtime worked in excess of forty (40) hours per workweek.

41. Plaintiffs, individually and on behalf of other similarly situated Hourly Employees, therefore seek relief on a collective basis and challenge Defendant's practices, which, as set forth above, operate in a manner which fails to pay for time Plaintiffs and the Hourly Employees worked in excess of forty (40) hours per workweek to the benefit of Defendant.

42. The precise number and identity of other persons yet to opt-in and consent to be

8

members of the Collective Action Class can be easily ascertained by using Defendant's payroll and personnel records, and potential class members may easily and quickly be notified of the pendency of this action by electronic and regular mail. Plaintiffs request that the Court authorize notice to the members of the FLSA Collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime wages, liquidated damages under the FLSA, and all other relief requested herein.

43. There are likely over one hundred similarly situated current and former Hourly Employees of Defendant's that would benefit from the issuance of court-supervised notice and an opportunity to join the present action.

44. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs and members of the Collective Action Class.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

46. Defendant engaged in common acts, practices and policies that violated Plaintiffs' and the Hourly Employees' rights under Colorado state wage and hour laws. Accordingly, Plaintiffs bring claims for relief on their own behalf and as representatives of a class pursuant Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure to recover unpaid regular rate wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages related to Defendant's violation of Colorado law.

47. The proposed class members ("Class Members") are defined as:

> *All hourly, non-exempt employees who worked for Defendant in the State of Colorado any time within three years of the filing of this Complaint through final disposition of this case (the "Class Action Period"), who did not receive compensation for time worked and/or overtime (the "Colorado Class").*

48. This action is properly maintained as a class action under Rule 23(a) and Rule 23(b) because: (i) the Colorado Class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact that are common to the Colorado Class; (iii) the claims of Plaintiffs are typical of the claims of the Colorado Class; and (iv) Plaintiffs will fairly and adequately protect the interests of the Colorado Class.

**Numerosity.**

49. The number of persons who are Class Members, as described above, is so numerous that joinder of all Class Members in one action is infeasible and impracticable. Plaintiffs estimate on information and belief that the total number of putative Colorado Class members represents over one hundred employees. The precise number of Colorado Class members can be easily ascertained using Defendant's personnel and payroll records.

**Commonality.**

50. There are numerous and substantial questions of law and fact common to the Colorado Class members, including, without limitation, the following:

    a. Whether Defendant instituted, maintained and enforced a policy that prevented or prohibited employees from taking paid 10-minute breaks for each of the four (4) hours, or major fractions thereof, that employees worked;

    b. Whether Defendant failed to pay Class Members overtime compensation for hours worked in excess of (i) 40 hours per workweek, (ii) twelve (12) hours per workday, or

10

(iii) twelve (12) consecutive hours without regard to the starting and ending time of the workday;

      c.      Whether Defendant acted willfully in failing to pay Class Members properly for all the time they have actually worked, including all overtime wages; and

      d.      The extent of the appropriate measure of injunctive and declaratory relief for the Colorado Class.

51. Plaintiffs anticipate Defendant will further raise defenses that are common to the Colorado Class.

**Typicality.**

52. The claims asserted by Plaintiffs are typical of the Class Members they seek to represent. Plaintiffs have the same interests and suffer from the same unlawful practices as the Colorado Class Members.

53. Plaintiffs are members of the Colorado Class as hourly, non-exempt former employees of Defendant's that were subjected to Defendant's common pay practices described herein, which deprived Plaintiffs of payment for all hours worked.

54. Plaintiffs' claims therefore stem from the same practices or course of conduct that form the basis of the Colorado Class claims.

55. All of the Class Members' claims are based on the same facts and legal theories.

56. There is no antagonism between Plaintiffs' interests and the Class Members' interests, because their claims are for damages provided to each individual employee by statute.

57. The injuries that Plaintiffs suffered are similar to the injuries that the Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual litigation.

**Adequacy.**

58. Plaintiffs will fairly and adequately protect the interests of all members of the Colorado Class, and there are no known conflicts of interest between Plaintiffs and the Class Members.

59. Plaintiffs, moreover, have retained counsel experienced in handling wage-and-hour cases and complex litigation who have already devoted time and resources to investigating the Class Members' claims and who will vigorously pursue this litigation.

**Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits.**

60. The common questions identified above predominate over any individual issues, which will relate solely to the calculations of relief due to individual Class Members.

61. The maintenance of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

62. As the damages suffered by each individual Class Member may be relatively small, the expenses and burden of individual litigation would make it difficult for each Class Member to bring individual claims against Defendant. Class action treatment will allow a large number of similarly situated persons to pursue their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.

63. When employers in Colorado violate wage and hour laws, current employees are often afraid to assert their rights out of fear of retaliation. Class action treatment will provide

putative Class Members who are not named in the Complaint with a type of anonymity that allows for the vindication of their rights, while at the same time, protection of their privacy.

64. Plaintiffs are unaware of any members of the putative classes who are interested in presenting their claims in a separate action.

65. Plaintiffs are unaware of any pending litigation commenced by members of the classes concerning the instant controversy.

66. This class action will not be difficult to manage due to the uniformity of claims among the class members and the susceptibility of wage claims to both class litigation and the use of representative testimony and representative documentary evidence.

67. The contours of the class will be easily defined by reference to the payroll documents Defendant was legally required to create and maintain. *See* 29 C.F.R. § 516, *et seq.*

**FIRST CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, Brought as a Collective Action by Plaintiffs on Behalf of All Others Similarly Situated Against Defendant)**

68. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

69. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated Hourly Employees pursuant to 29 U.S.C. § 216(b) to recover unpaid wages, including overtime wages, liquidated damages, attorneys' fees and costs, and other damages owed.

70. At all times relevant to this matter, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

71. Upon information and belief, Defendant is, or was, a member of an enterprise that has annual revenues in excess of $500,000 during Plaintiffs' employment and it had two or more

employees that handled goods or materials that had been moved in or produced for interstate commerce. For example, upon information and belief, Defendant's employees handled goods, tools and materials purchased from out-of-state vendors (which moved in interstate commerce), in order to operate Defendant's business. Defendant was therefore part of an enterprise or enterprises engaged in commerce pursuant to 29 U.S.C. § 203(s)(1).

72. At all times relevant to this matter, Plaintiffs and the Collective Action Class members are or were employees pursuant to 29 U.S.C. § 203(e).

73. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a).

74. The overtime wage provisions set forth in the FLSA apply to Defendant and the positions held by Plaintiffs and the Collective Action Class members are not exempt from the FLSA's overtime requirements.

75. Defendant has engaged in a willful practice of violating the FLSA by requiring Plaintiffs and the Collective Action Class members to work without paying them for properly calculated overtime compensation.

76. Defendant's failure to pay overtime compensation as required by the FLSA was willful pursuant to 29 U.S.C. § 255(a).

77. Records pertinent to calculating the number of excess hours worked by the Collective Action Class members and the compensation they are entitled to receive are in the possession and control of Defendant and its agents. Plaintiff, therefore, is unable to state, until discovery is obtained, the exact amounts owed to the Collective Action Class members.

78. As a result of Defendant's willful actions, Plaintiffs and the Collective Action Class members have been illegally deprived of overtime compensation and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation Pursuant to 29 U.S.C. § 216(b) and as a result of Defendant's willful actions described herein, Plaintiffs and the Collective Action Class members are entitled to: (i) unpaid overtime; (ii) gap time for any work week in which overtime is owed; (iii) their regular rate for unpaid breaks; (vi) statutory liquidated damages; and (v) reasonable attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, Implemented by the Colorado Minimum Wage Order, 7 CCR 1103-1, Brought as a Class Action by Plaintiffs on Behalf of All Others Similarly Situated Against Defendant)**

79. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

80. Plaintiffs and the Class Members were employed by Defendant in a covered industry as defined by the CMWO and the CMWA.

81. Defendant's payment practices described herein of failing to pay Plaintiffs and Class Members for all hours worked and preventing or prohibiting employees from taking 10-minute rest breaks for every four (4) hours, or major fractions thereof, deprived Plaintiffs and the Class Members of regular rate and overtime pay.

82. Plaintiffs and the Class Members are therefore entitled to be paid for their work that has never been compensated, including all applicable penalties, statutory damages, costs, fees, and interest.

83. Plaintiffs and the Class Members also seek declaratory relief including, but not limited to, a declaration from the Court that Defendant's payment policies and practices described

herein are illegal and require reformation.

84. Plaintiffs and Class Members also seek injunctive relief in the form of an order from the Court requiring Defendant to reform its rounding policies and practices described herein.

**THIRD CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* ("Wage Act") Brought as a Class Action by Plaintiffs on Behalf of All Others Similarly Situated Against Defendant)**

85. Plaintiffs incorporate by reference the above paragraphs as though set forth fully and separately herein.

86. Defendant failed to pay Plaintiffs and the putative collective and class action members all overtime compensation earned under the FLSA and Colorado state law.

87. Defendant further failed to provide Plaintiffs and the Class Members rest breaks, as required by Colorado law. Plaintiffs and the Class Members are entitled to compensation for these lost breaks pursuant to C.R.S. §§ 8-4-101, *et seq.*, 8-6-101, *et seq.*, and the COMPS Order.

88. Upon filing and service of this Complaint, Plaintiffs and the Class Members are making a demand for payment of unpaid wages in compliance with the Wage Act. Defendant is therefore on actual notice that Plaintiffs and other similarly situated employees are due unpaid wages resulting from Defendant's illegal payment policies.

89. Employers who violated the CWCA by failing to pay all wages earned by an employee, and who continue to violate the CWCA by failing to "tender" such wages within 14 days of receiving a "written demand" are liable for either: (A) treble damages, if the employee is not able to show that the employer's wage violation was "willful;" or (B) quadruple damages, if the employee *is* able to show that the violation was willful. C.R.S. § 8-4-109(3)(a)-(b).

90. If Defendant fails to pay Plaintiffs and Class Members all wages owed, or make a

16

good faith "tender" of such wages after receiving service of this Complaint, Defendant is liable to Plaintiffs for statutory penalties, including to penalties for Defendant's willful violation of the CWCA, in addition to Plaintiffs' attorneys' fees, costs, and interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, similarly situated persons and the Class Members, pray for the following relief:

A. That, at the earliest possible time, the Court, with regard to the First Claim for Relief, preliminarily certify this action to be a proper collective action pursuant to 29 U.S.C. § 216 and permit Plaintiffs to notify all affected persons that an action asserting FLSA claims has been filed, of the nature of the action, and of their right to join the suit;

B. Declare that Defendant violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiffs and similarly situated persons who opt into this action; that Defendant failed to pay amounts owed to Plaintiffs and similarly situated persons for time worked in violation of 29 C.F.R. § 785.48(b); that Defendant's violations were willful; that a three year statute of limitations applies to the Collective Action Class; that Plaintiffs and other similarly situated persons are entitled to be paid overtime for work in excess of 40 hours per week; and that the amount of unpaid time worked and overtime wages to which Plaintiffs and others similarly situated are entitled is to be doubled as liquidated damages and awarded to them;

C. Declare that Defendants violated the CMWA, as implemented by the CMWO, by failing to pay Plaintiffs and Class Members for all regular rate and overtime worked due to Defendant's failure to properly calculate overtime compensation; and Defendant's policies preventing or prohibiting employees from taking rest breaks; and that Defendant's policies and

practices must be reformed to comply with Colorado law;

D. Declare that Defendant violated the CWCA by failing to pay regular wages and overtime compensation to Plaintiffs and Class Members; that Defendant failed to pay Plaintiffs and Class Members their outstanding wages within 14 days of a written demand for same; and that Defendant acted willfully in violating the CWCA;

E. Grant Plaintiffs and all similarly situated employees and Class Members a permanent injunction enjoining Defendant, and all those acting in concert with Defendant at Defendant's direction, from engaging the above-described payment practices which violate the FLSA, the CMWA, and the CMWO;

F. Award Plaintiffs and other similarly situated persons who opt-in to the Collective Action Class damages in the amount of overtime compensation, and any other amounts owed, to be proven at trial;

G. Award Plaintiffs and other similarly situated persons who opt-in to the Collective Action Class liquidated damages in an amount equal to the unpaid wages and overtime compensation shown to be owed pursuant to 29 U.S.C. § 216(b), or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

H. Award Plaintiffs and Class Members the amount of unpaid wages, overtime, and any other amounts owed due to Defendants' illegal payment practices, according to proof at trial;

I. Award Plaintiffs and Class Members statutory penalties for Defendant's failure to timely pay Plaintiffs' and Class Members' outstanding wages and overtime compensation, as well as statutory penalties for Defendant's willful violation of the CWCA;

J. Award reasonable attorneys' fees and costs;

K.  Award Plaintiffs and Class Members pre-judgment interest at the highest lawful rate; and

L.  Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs request a trial by jury.

Respectfully submitted this 14th day of August, 2023.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: *s/ Shelby Woods*
    Shelby Woods (48606)
    Abby Zinman (57792)
    HKM Employment Attorneys LLP
    730 17th Street, Suite 750
    Denver, Colorado 80202
    swoods@hkm.com
    azinman@hkm.com
    *Attorneys for Plaintiffs and the Proposed Class and Collective Action Members*